UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEROME F. SHOEMAKE,** | ) | CASE NO. 1:13CV2505 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| **MANSFIELD CITY SCHOOL** | ) | |
| **DISTRICT BOARD OF EDUCATION,** | ) | |
| Defendant. | ) | |

**<u>CHRISTOPHER A. BOYKO, J.</u>**:

This matter comes before the Court upon the Objections (ECF DKT #45) of Plaintiff, Jerome F. Shoemake, to Magistrate Judge Greg White's Report and Recommendation (ECF DKT #44). For the following reasons, the Report and Recommendation is affirmed in all respects and the Objections are overruled.

**<u>I. BACKGROUND</u>**

On November 15, 2013, the captioned case was referred to Magistrate Judge Greg White, pursuant to Local Rule 72.1, for pretrial supervision, including preparation of a report and recommendation regarding any case-dispositive motions. On September 15, 2014, the Magistrate Judge, among other matters, recommended that the Motion (ECF DKT #31) of

Defendant, Mansfield City School District Board of Education, for Judgment on the Pleadings and to Dismiss for Lack of Subject Matter Jurisdiction be granted in part and denied in part.

Plaintiff filed his *pro se* Complaint on November 12, 2013, alleging various federal and state law claims arising from the elimination of his position as a Special Education Specialist at the Mansfield City Schools. Specifically, the Complaint sets forth seven causes of action: (1) Retaliation and Unfair Labor Practices; (2) Retaliation; (3) Equal Contract Rights; (4) Due Process; (5) Disparate Impact re Nonteaching Staff in Pupil Services Department; (6) Misclassification of Nonteaching Employee; and (7) Statute of Limitations.

Although the Complaint is somewhat inartfully drawn, it appears to assert federal claims under 42 U.S.C. §§ 1981 and 1983; Title VII; and 18 U.S.C. § 1001. The Complaint also alleges violations of Ohio's employment anti-discrimination statutes, set forth at Ohio Revised Code Chapter 4112; various state laws and regulations governing teacher contract rights; and state collective bargaining laws. In addition, Plaintiff appears to ask this Court to reverse the October17, 2013 decision of the Ohio Civil Rights Commission ("OCRC"), finding no probable cause for the Commission to issue an administrative complaint against the Mansfield City School District for unlawful discrimination. He also seeks: (1) a Writ of Mandamus to compel Defendant to reinstate him and provide back pay and related benefits; and (2) an Order "remand[ing] the case for consideration to the Office of the Attorney General for litigation on grounds defendant has caused irreconcilable harm against plaintiff under the Ohio and United States Constitution on counts of violations to race, equal contract rights, due process and equal protection guarantees, and violation of Title 18 U.S.C. § 1001 for willfully lying to a federal investigator." Finally, Plaintiff seeks declaratory and

injunctive relief,

compensatory damages and costs.

On April 4, 2014, Defendant filed a Motion for Judgment on the Pleadings and to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed.R.Civ.P. 12(c) and 12(b)(1).

Upon consideration of all the briefs and arguments, on September 15, 2014, the Magistrate Judge recommended that Defendant's Motion be granted with respect to Plaintiff's claims under 42 U.S.C. § 1981; Title VII; and 18 U.S.C. § 1001, and Plaintiff's claims under 42 U.S.C. § 1983, that relate to his June 30, 2010 termination and any alleged acts of retaliation occurring before November 12, 2011.  The Magistrate Judge recommended that Defendant's Motion be denied with respect to Plaintiff's § 1983 claims for retaliation occurring within two years of the filing of the Complaint (i.e., subsequent to November 12, 2011); Plaintiff's state law claims for discrimination, retaliation, hostile work environment and disparate impact; and Plaintiff's claims under Ohio Revised Code § 3319.171.

Further, the Magistrate Judge recommended that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction be (1) granted with respect to Plaintiff's request that this Court review the October 2013 decision of the OCRC; and (2) denied without prejudice with respect to Plaintiff's claims under Ohio Revised Code Chapter 4117.

In addition, the Magistrate Judge recommended that Plaintiff's requests for a Writ of Mandamus and remand to the Office of the Ohio Attorney General be denied.

On September 26, 2014, Plaintiff filed his Objections (ECF DKT #45), taking issue with four recommendations in the Magistrate Judge's Report.

## II. LAW AND ANALYSIS

**Standard of Review**

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(C), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir.1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

**(a)**. In his First Objection, Plaintiff insists that the Court cannot consider exhibits referenced by Defendant in its Motion for Judgment on the Pleadings. Plaintiff bases his Objection on the fact that, on January 9, 2014, the Magistrate Judge struck from the record Plaintiff's two "Replies" to Defendant's Answer, accompanied by hundreds of pages of exhibits, as unauthorized pleadings. Now, Defendant refers, in its Motion, to Exhibit A, item b, attached to Plaintiff's Complaint, which includes correspondence from the EEOC to Shoemake. Plaintiff contends the Exhibit was stricken, constitutes matters outside the pleadings and cannot be considered unless the Court converts Defendant's 12(c) Motion to a Motion for Summary Judgment.

Plaintiff is in error.  First, the Magistrate Judge did not strike the exhibits attached to Plaintiff's Complaint; rather, the Magistrate Judge found fault with Plaintiff's unauthorized pleadings with voluminous attachments, identified as "Replies" to the Answer.

Second, the same standard for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim applies to a Rule 12(c) motion for judgment on the pleadings.  Therefore, when a court is presented with a Rule 12(b)(6) or a Rule 12(c) motion, it may consider the complaint and any exhibits attached to it, public records, items appearing in the record of the case, and exhibits attached to the motion to dismiss, as long as they are referred to in the complaint and are central to the plaintiff's claims.  *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997)) (emphasis added).  *See also Henry v. Chesapeake Appalachia, LLC.*, 739 F.3d 909, 912 (6th Cir. 2014); *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).

Therefore, the Magistrate Judge was justified in considering exhibits attached to, or referenced in, Plaintiff's Complaint; and there was no need for the Magistrate Judge to convert the 12(c) Motion to a summary judgment motion.  Plaintiff's First Objection is overruled.

**(b)**.  In his Second Objection, Plaintiff asserts that Defendant District took inconsistent and varying positions before SERB, EEOC and this Court.  Furthermore, Plaintiff insists that the doctrine of judicial estoppel bars Defendant from arguing one set of facts before one tribunal and another set of facts when it suits its advantage before another tribunal.

In his Report and Recommendation, the Magistrate Judge determined that the discrimination and retaliation claims filed with the EEOC were time-barred because Plaintiff

filed the instant lawsuit two years after his receipt of the right-to-sue letter. Also, the Magistrate Judge declined to address the nature and scope of SERB's investigation into Plaintiff's charges until the facts are fully developed through the discovery process. Consequently, these agency decisions are not reviewable.

Significantly, this is the first time that Plaintiff raises the doctrine of judicial estoppel. Failure to raise the issue before the Magistrate Judge constitutes waiver.

> Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 fn1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).

For these reasons, Plaintiff's Second Objection is overruled.

**(c)**. In Plaintiff's Third Objection, he repeats his allegations that Defendant and defense counsel engaged in dishonesty, fraud, deceit and/or misrepresentation, in violation of 18 U.S.C. § 1001. Section 1001 is a federal criminal statute. "There is no authority to allow a private citizen to institute a criminal action in a federal court; that power is vested exclusively in the executive branch." *See United States v. Nixon*, 418 U.S. 683, 693 (1974); *Williams v. Finnegan*, 2014 WL 2434590 at *2 (N.D.Ohio May 29, 2014). Consequently, there exists no independent, private cause of action for the alleged violation of 18 U.S.C. § 1001.

The Magistrate Judge, therefore, properly recommended dismissal of Plaintiff's claim under the criminal statute; so, Plaintiff's Third Objection is overruled.

**(d)**. In his Complaint, Plaintiff makes a breach of contract claim, relating to the District's alleged failure to pay him for unused vacation and sick leave. Defendant did not

move for dismissal on that claim.

In his Fourth Objection, Plaintiff argues that he is entitled to summary judgment on the breach of contract claim and that the District failed to carry its burden of proof. Plaintiff is incorrect on both counts. Plaintiff bears the burden of proof if he intends to recover for breach of contract. Also, simply because a party does not move for dismissal of a claim and reserves argument until fact discovery is completed does not mean the opposing party deserves summary judgment in his favor. In footnote #18 of the Report and Recommendation, the Magistrate Judge construed the Complaint as asserting a breach of contract claim. However, the Magistrate Judge also noted that Defendant did not move for judgment in that respect.

Plaintiff's breach of contract claim, though not clearly drawn, remains viable and involves facts outside the pleadings. The Fourth Objection is overruled.

### III. CONCLUSION

For these reasons, Plaintiffs' Objections are overruled and the Magistrate Judge's Report and Recommendation (ECF DKT #44) is adopted in its entirety.

**IT IS SO ORDERED.**

                                         **s/ Christopher A. Boyko**
                                         **CHRISTOPHER A. BOYKO**
                                         **United States District Judge**

**Dated: November 20, 2014**