IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME SHOEMAKE, | ) | CASE NO. 1:13CV2505 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| MANSFIELD CITY SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

On November 15, 2013, this matter was referred pursuant to Local Rule 72.1 for pretrial supervision, including the preparation of a report and recommendation regarding any case-dispositive motions. (Doc. No. 3.) Currently pending before the Court is Plaintiff Jerome Shoemake's "Motion for Sanctions against Defendant Pursuant to Rule 11 or Summary Judgment on the Doctrine of Judicial Estoppel." (Doc. No. 48.)

For the following reasons, to the extent Plaintiff's Motion seeks sanctions under Fed. R. Civ. P. 11, it is DENIED. To the extent Plaintiff's Motion seeks summary judgment on the basis of judicial estoppel, the Court recommends that Plaintiff's Motion be DENIED.

    **I.**    **Motion for Rule 11 Sanctions**

On May 15, 2014, Plaintiff filed a "Motion for the Defendant to Withdraw Offending Claims Pursuant to Rule 11's 21-Day Safe Harbor Period."[1] (Doc. No. 37.) Therein, Plaintiff argued, among other things, that Defendant Mansfield City School District Board of Education ("Defendant") should be sanctioned under Fed. R. Civ. P. 11 for "present[ing] a motion for improper purposes" and "wrongfully deny[ing] factual allegations." (Doc. No. 37.)

In response, Defendant maintained it should not be subject to sanctions under Rule 11 because Plaintiff failed to comply with that Rule's procedures. (Doc. No. 38.) Plaintiff then filed a "Memorandum in Support of Plaintiff's Motion for Sanctions against Defendant Pursuant to Rule 11." (Doc. No. 39.) Therein, he maintained Defendant should be sanctioned and its Answer stricken because it asserted fraudulent misstatements of fact and advanced meritless legal arguments.[2]

On September 15, 2014, this Court denied Plaintiff's Motion on the grounds that Plaintiff had failed to comply with Rule 11's mandatory 21-day safe harbor requirements. (Doc. No. 44.) As noted in that decision, a party seeking Rule 11 sanctions must first serve its motion on the opposing party in accordance with Fed. R. Civ. P. 5. *See Ridder v. City of Springfield,* 109 F.3d 288, 294 (6th Cir. 1997); *Jones v. TA Operating Corp*., 2008 WL 495321 at * 2 (E.D. Mich. Feb.

---

[1] The procedural history and factual allegations in this matter are set forth at length in this Court's September 15, 2014 Report & Recommendation (Doc. No. 44) regarding Defendant Mansfield City School District Board of Education's Motion for Judgment on the Pleadings, and will not be repeated herein.

[2] Specifically, Plaintiff asserted that Defendant "perpetrates fraud on the court by pleading (1) 'Plaintiff had no teaching license;' (2) 'O.R.C. §§ 3319.02 and 3319.171 are not applicable to Plaintiff;' and, (3) 'Shoemake claims, for the first time, that [recalled employee Frederick] Boll had no continuing contract, was recalled to work in 2010, and was considered highly-qualified.'" (Doc. No. 39 at 14.)

20, 2008). It must then wait until 21 days after service before filing the motion for sanctions, thereby providing the non-moving party an opportunity to cure the alleged sanctionable conduct. *Ridder,* 109 F.3d at 294. Because Plaintiff failed to follow this mandatory procedural requirement, the Court denied his motion for Rule 11 sanctions.[3] (Doc. No. 44 at 13-15.)

On October 6, 2014, Plaintiff filed the instant "Motion for Sanctions Against Defendant Pursuant to Rule 11 or Summary Judgment on the Doctrine of Judicial Estoppel." (Doc. No. 48.) Therein, he argues that, on September 11, 2014, he served on Defendant a "Letter Requesting Defendant to Withdraw Offending Claims Pursuant to Rule 11's 21-Day Safe Harbor Period." (Doc. No. 48-1.) He asserts the 21-day period expired on October 2, 2014, but Defendant failed to withdraw its offending claims or otherwise remedy its allegedly sanctionable conduct. Plaintiff maintains, therefore, that he has satisfied Rule 11's mandatory safe-harbor requirements and this Court should now proceed to impose sanctions on Defendant.

Plaintiff then asserts that Rule 11 sanctions are warranted because "for improper purposes [Defendant] change[s] [its] positions on the same pleadings in and out of court, to get varying responses from the Plaintiff in an attempt to entrap a person unschooled in technical pleading to engage in similarly perjurious misrepresentations and/or fraudulent behaviors, as exemplified by said Defendant in separate quasi-judicial proceedings." (Doc. Nos. 48 at 5; 48-1 at 4.) For examples of Defendant's allegedly sanctionable conduct, Plaintiff directs the Court's attention to

---

[3] Although the Court's September 15, 2014 opinion is captioned a Report & Recommendation, Plaintiff's Motion to Withdraw Offending Claims is denied in that opinion because it is a non-dispositive motion. (Doc. No. 44 at 15.) In that same opinion, the Court recommended that Defendant's Motion for Judgment on the Pleadings be granted in part and denied in part. On November 20, 2014, this Court's Report & Recommendation was adopted in all respects. (Doc. No. 60.)

pages 3 through 22 of his Objections to the September 15, 2014 Report & Recommendation. (Doc. No. 45.) Therein, Plaintiff argues Defendant has taken inconsistent positions regarding his employment status in proceedings before the State Employment Relations Board ("SERB"), Ohio Civil Rights Commission ("OCRC"), and Equal Employment Opportunity Commission ("EEOC"). (Doc. No. 45 at 5-23.)

Defendant argues sanctions are not appropriate because Plaintiff's motion "does not delineate the purported inconsistencies, nor does it suggest any objective reason for this Court to accept his claims that any statements were, in fact, inconsistent." (Doc. No. 55 at 2.) Defendant further notes this Court declined to exercise jurisdiction over the EEOC and OCRC decisions, and deferred jurisdiction over the SERB claims until after discovery closes. Because discovery has not ended and "this Court has no evidence before it," Defendant argues it would be "wholly premature" to consider the truth of Plaintiff's allegations. (Doc. No. 55 at 2.)

Plaintiff did not file a Reply Brief in support of his motion.

Federal Civil Rule 11(b) sets out an attorney's duty in making representations to the court:

By presenting to the court a pleading, written motion, or other paper . . . , an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

> Rule 11(c) then describes the penalties that may be leveled for violation of this standard:
>
> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

The standard for Rule 11 inquiries is whether the actions are objectively reasonable under the circumstances. *See Albright v. Upjohn*, 788 F.2d 1217, 1221 (6th Cir. 1986). Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." *Id.* Moreover, a plaintiff must "review and reevaluate his pleadings [continually] and where appropriate modify them to conform to Rule 11." *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988). A good-faith belief in the merits of a case is insufficient to avoid Rule 11 sanctions. *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990). "The court should inquire if the 'pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay.'" *Allied Machine & Engineering Corp. v. Competitive Carbide, Inc*., 2012 WL 1466563 at * 2 (N.D. Ohio April 25, 2012) (quoting *In re DeLorean Motor Company v. Allard*, 821 F.2d 649, 1987 WL 37786 at *2 (6th Cir. June 23, 1987)). Sanctions are mandatory in the event the court determines Rule 11 has been violated, but the court has "wide discretion" in delineating the extent of those sanctions. *Albright*, 788 F.2d at 1222. *See also Continental Cas. Co. v. Auto Plus Ins. Agency, L.L.C.* 2010 WL 1487240 at * 2-3 (N.D. Ohio April 13, 2010); *Allied Machine & Engineering Corp*., 2012 WL 1466563 at * 2.

The Court finds Plaintiff has not demonstrated that Defendant's actions have been objectively unreasonable. While Plaintiff clearly disagrees with Defendant's defenses in this

matter, he has not convincingly shown that Defendant has taken a position in this litigation that is not well grounded in fact or law. Plaintiff strenuously insists Defendant has taken inconsistent positions regarding his employment status in various affidavits and other submissions filed with the EEOC, SERB, and OCRC. However, he has failed to attach any properly authenticated copies of Defendant's allegedly inconsistent filings to his Motion (Doc. No. 48) or to his Objections. (Doc. No. 45.) Thus, there is no basis upon which the Court can objectively ascertain the content of Defendant's filings in any of these administrative agencies, or determine that the positions taken by Defendant in this lawsuit are inconsistent with those filings or otherwise objectively unreasonable. Moreover, as Defendant correctly notes, discovery has not yet closed in this matter. It would be premature for the Court to determine, at this stage of the litigation, that Defendant's position in this litigation regarding Plaintiff's employment status is factually and/or legally unsupported.

Accordingly, Plaintiff's Motion for Sanctions is denied.

## II. Motion for Summary Judgment

It is recommended that Plaintiff's Motion for Summary Judgment be denied for similar reasons. In his Motion, Plaintiff reiterates his argument that Defendant has taken inconsistent positions regarding his employment status in its EEOC, OCRC and SERB filings, and argues he is therefore entitled to summary judgment on the basis of judicial estoppel. Specifically, Plaintiff maintains he has demonstrated "the absence of a genuine issue of material fact regarding the defendant assumed certain positions in quasi-judicial adjudicating proceedings before SERB, OCRC, and the EEOC, and succeeded in maintaining those positions to receive favorable benefits, then later changed the position before the U.S. District Court, Northern

District of Ohio, Eastern Division, because its interests had changed." (Doc. No. 48 at 3-4.) The only materials attached in support of Plaintiff's motion for summary judgment are (1) a July 23, 2013 letter from Plaintiff to Attorney General Eric Holder (Doc. No. 48-2); (2) an unidentified, typewritten document entitled "2nd Addendum to SERB 8 Questions Duty of Office of Attorney General to Represent SERB in Court" (Doc. No. 48-3), which appears to have been submitted by Plaintiff in support of his SERB charge; and, (3) a document purporting to be the SERB's January 31, 2013 dismissal of Plaintiff's unfair labor practice charge (Doc. No. 48-4.)

Defendant argues Plaintiff's motion should be denied because "there is no discovery on file here, much less discovery showing no genuine disputes as to any material facts." (Doc. No. 55 at 2.) Defendant asserts that "now is not the time for" Plaintiff to seek summary judgment, as "the Parties must complete discovery and prepare to present evidence to the Court." *Id.* at 3.

Plaintiff did not file a Reply Brief in support of his Motion.

Federal Rule of Civil Procedure 56(a) governs summary judgment motions and states:

> A party may move for summary judgment, identifying each claim
> or defense – or the part of each claim or defense – on which
> summary judgment is sought. The court shall grant summary
> judgment if the movant shows that there is no genuine dispute as to
> any material fact and the movant is entitled to judgment as a matter
> of law.

As the Sixth Circuit has explained, summary judgment is appropriate when "the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Estate of Smithers v. City of Flint*, 602 F.3d 758, 761 (6th Cir. 2010). *See also Scozzari v. Miedzianowski*, 454 Fed. Appx. 455, 461 (6th Cir. 2012). A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations. *Anderson v.*

-7-

*Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Schreiber v. Moe*, 596 F.3d 323, 333 (6th Cir. 2010). Rather, the court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009).

Plaintiff claims he is entitled to summary judgment on the basis of judicial estoppel. The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)). The Sixth Circuit has explained this doctrine as follows:

> "Judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by that same party in an earlier proceeding." *Warda v. C.I.R.*, 15 F.3d 533, 538 (6th Cir. 1994). "Federal standards govern the application of judicial estoppel in federal court." *Id.* at n. 4 (citing *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 n. 4 (6th Cir. 1982)).
> 
> The Supreme Court has developed three factors we are to consider when determining whether to apply the doctrine of judicial estoppel. *See New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Id.* (quoting *United States v. Hook*, 195 F.3d 299, 306 (7th Cir.1999)). Second, we may consider whether the party had successfully persuaded a court to accept his previous position, "so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that the first or the second court was misled.' " *Id.* (quoting *Edwards*, 690 F.2d at 599). Finally, we may consider "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751, 121 S.Ct. 1808. We have placed particular emphasis on the second factor, stating that "judicial estoppel governs a dispute only if the first court 'adopted the position urged by the party, either as a preliminary matter or as part of a final disposition.' " *Warda*, 15 F.3d at 538 (quoting *Teledyne Indus. v. National Labor Relations Bd.,* 911 F.2d 1214, 1218 (6th Cir.1990)).

*Pennycuff v. Fentress County Bd. of Education*, 404 F.3d 447, 453 (6th Cir. 2005).  *See also Mirando v. U.S. Dept. of Treasury*, 766 F.3d 540, 545 (6th Cir. 2014).  Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship."  *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002) (quotation omitted).  The Sixth Circuit "has previously described judicial estoppel as a rule against 'playing fast and loose with the courts,' 'blowing hot and cold as the occasion demands,' or 'hav[ing] [one's] cake and eat[ing] it too.'" *Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420, 424 (6th Cir. 2005) (quoting *Reynolds v. Comm'r,* 861 F.2d 469, 472 (6th Cir. 1988) (citations omitted) (alteration in original).

The Court recommends Plaintiff's motion for summary judgment be denied.  As noted above, Plaintiff has not attached affidavits, deposition testimony, or any other properly authenticated summary judgment material to support his argument that he is entitled to judgment in his favor on the basis of judicial estoppel.  Most notably, Plaintiff has not attached authenticated copies of any documents filed by Defendant in connection with proceedings before the EEOC, OCRC, and/or SERB that allegedly demonstrate that it has taken a position in those proceedings that is "clearly inconsistent" with its position in this litigation.  Nor has Plaintiff clearly demonstrated the second factor for judicial estoppel; i.e., whether Defendant successfully persuaded the EEOC, OCRC, and/or SERB to accept its previous position, "so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that the first or the second court was misled.'"  *Pennycuff*, 404 F.3d at 453.  In the absence of any such supporting evidence, the Court finds Plaintiff has failed to demonstrate that he is entitled to summary judgment in his favor.

Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment be denied.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Rule 11 Sanctions (Doc. No. 48) is DENIED. In addition, it is recommended that Plaintiff's Motion for Summary Judgment on the Doctrine of Judicial Estoppel (Doc. No. 48) also be DENIED.

/s/ Greg White
U.S. MAGISTRATE JUDGE

Date: November 24, 2014

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters***, 638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn***, 474 U.S. 140 (1985),** *reh'g denied***, 474 U.S. 1111 (1986).**