IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| JEROME SHOEMAKE, | ) | CASE NO. 1:13CV2505 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| MANSFIELD CITY SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION & ORDER |
| | ) | |


On November 15, 2013, this matter was referred pursuant to Local Rule 72.1 for pretrial

supervision, including the entering and enforcement of pretrial orders pertaining to discovery

matters.  (Doc. No. 3.)  Currently pending before the Court is Defendant Mansfield City School

District Board of Education's ("Defendant") Motion to Set Dates for Disclosure of Expert

Testimony.  (Doc. No. 63.)  For the following reasons, Defendant's Motion is GRANTED.

I.      **Procedural Background**

On November 12, 2013, Plaintiff Jerome Shoemake (hereinafter "Plaintiff" or

"Shoemake") filed a *pro se* Complaint (Doc. No. 1) against the Mansfield City School District

Board of Education[1] alleging various federal and state law claims arising from the elimination of his position as a Special Education Specialist at the Mansfield City Schools.  Specifically, the Complaint asserts the following seven causes of action: (1) "Retaliation and Unfair Labor Practices;" (2) "Retaliation;" (3) "Equal Contract Rights;" (4) "Due Process;" (5) "Disparate Impact re Nonteaching Staff in Pupil Services Department;" (6) "Misclassification of Nonteaching Employee;" and, (7) "Statute of Limitations."[2]  (Doc. No. 1.)  After receiving an extension of time to respond, Defendant filed an Answer on December 18, 2013.  (Doc. No. 11.)

A Case Management Conference was conducted on January 10, 2014, at which time the Court established a non-expert discovery deadline of September 5, 2014 and a dispositive motions deadline of October 6, 2014.  (Doc. No. 21 at 2.)  Moreover, and of particular relevance herein, the parties indicated during the conference that they "do not anticipate the need for expert

---

[1]  The Complaint named the "Mansfield City Schools" as the sole defendant.  During the Case Management Conference conducted on January 10, 2014, the parties stipulated that the proper defendant in this action is the Mansfield City School District Board of Education.  *See* Non-Document Order entered January 10, 2014.

[2]  Although the Complaint is not entirely clear, it appears to assert federal claims under 42 U.S.C. §§ 1981 and 1983; Title VII; and, 18 U.S.C. § 1001.  The Complaint also alleged violations of Ohio's employment anti-discrimination statutes, set forth at Ohio Revised Code Chapter 4112; various state laws and regulations governing teacher contract rights; and, state collective bargaining laws.  In addition, Plaintiff appeared to ask this Court to reverse the October 17, 2013 decision of the Ohio Civil Rights Commission ("OCRC") finding no probable cause for the Commission to issue an administrative complaint against the Mansfield City School District for unlawful discrimination.  (Doc. No. 1-1 at 6-7.)  He also sought (1) a writ of mandamus to compel Defendant to reinstate him and provide back pay and related benefits; and, (2) an order "remand[ing] the case for consideration to the Office of the Attorney General for litigation on grounds defendant has caused irreconcilable harm against plaintiff under the Ohio and United States Constitution on counts of violations to race, equal contract rights, due process and equal protection guarantees, and violation of Title 18 U.S.C. § 1001 for willfully lying to a federal investigator."  (Doc. No. 1 at ¶ 189.)

testimony at this time." *Id.*  No trial date was set.

Discovery proceeded.  On April 4, 2014, Defendant filed a Motion for Judgment on the Pleadings and Motion to Dismiss for Lack of Subject Matter Jurisdiction, which Plaintiff opposed.  (Doc. Nos. 31, 35.)  On September 15, 2014, the undersigned issued a Report and Recommendation that Defendant's Motion be granted in part and denied in part.  (Doc. No. 44.) Plaintiff objected.  (Doc. No. 45.)  On November 20, 2014, the Court adopted the Report & Recommendation in full.  (Doc. No. 60.)  As a result, the following claims remain for resolution in the instant action: (1) Plaintiff's § 1983 claims for retaliation occurring within two years of the filing of the Complaint (i.e. subsequent to November 12, 2011); (2) Plaintiff's state law claims for discrimination, retaliation, hostile work environment, and disparate impact; (3) Plaintiff's claims under Ohio Rev. Code § 3319.171 and Chapter 4117; and, (4) Plaintiff's breach of contract claims.[3]

In the meantime, a discovery dispute arose between the parties regarding (1) Plaintiff's responses to Defendant's Interrogatories, Requests for Production of Documents and Requests for Admission; and, (2) Plaintiff's refusal to appear for his own deposition.  An in-person status conference was conducted on October 22, 2014, at which time Plaintiff was ordered to properly

---

[3] Moreover, on October 6, 2014, Plaintiff filed a "Motion for Sanctions Against Defendant Pursuant to Rule 11 or Summary Judgment on the Doctrine of Judicial Estoppel." (Doc. No. 48.)  Defendant filed a Brief in Opposition on October 27, 2014. (Doc. No. 55.)  Plaintiff did not file a Reply Brief.  On November 24, 2014, the undersigned denied Plaintiff's Motion for Sanctions and issued a Report & Recommendation that his Motion for Summary Judgment be denied. (Doc. No. 61.) Plaintiff objected on December 8, 2014.  (Doc. No. 62.)  In recent filings, Plaintiff asserts Defendant failed to properly serve its Brief in Opposition to Plaintiff's Motion for Sanctions and for Summary Judgment, thereby violating Plaintiff's due process rights. (Doc. Nos. 68, 69.)  This issue will be addressed in a separate opinion.

answer Defendant's discovery requests and appear for his own deposition by no later than November 24, 2014.  (Doc. No. 53.)  In addition, the non-expert discovery deadline was extended to December 31, 2014 for Defendant only;[4] and, the dispositive motion deadline was extended for all parties to January 30, 2015.  *Id*. at 2.  No trial date was set.

On December 16, 2014, Defendant filed the instant Motion to Set Dates for Disclosure of Expert Testimony.  (Doc. No. 63.)  Therein, Defendant requested the Court set expert discovery deadlines, arguing as follows:

> At earlier stages in the proceeding, the Board did not anticipate needing an expert and, therefore, no dates were set.  After this Court issued its Report & Recommendation, dated September 15, 2014, the Board began considering the need for a statistical expert to review Plaintiff Shoemake's mathematical assertions.  Following Shoemake's deposition on November 17, 2014, the Board confirmed its need for expert testimony on this matter.

(Doc. No. 63.)  On January 6, 2015, the Court granted Defendant's motion, noting "Plaintiff Jerome Shoemake did not file a response."  (Doc. No. 64.)

On January 12, 2015, however, Defendant filed a "Notice of Failure to Serve Motion to Set Dates for Disclosure of Expert Testimony."  (Doc. No. 65.)  Therein, Defendant acknowledged that it had inadvertently failed to serve Plaintiff with its motion and stated defense counsel "contacted Plaintiff via email to let him know of the mistake and explained that the issue would be rectified."  *Id.*  Defendant also indicated it would "send the aforementioned Motion along with this Notice to Plaintiff by electronic mail and overnight mail."[5]  *Id.*

---

[4]  The non-expert discovery deadline was extended for Defendant only in light of Plaintiff's recalcitrance in failing to appear for his own deposition or provide appropriate responses to Defendant's written discovery requests.

[5]  Because Plaintiff is proceeding *pro se* in this matter, he does not have access to the Court's electronic filing system.  Thus, he must be served with a hard copy of all filings

-4-

That same day, the Court issued an Order vacating its January 6, 2015 Order (Doc. No. 64) granting Defendant's Motion to Set Dates for Disclosure of Expert Testimony. (Doc. No. 66.) The Court further provided that "Plaintiff will have until Friday, January 30, 2015 to respond to Defendant's motion." *Id.*

On January 29, 2015, Plaintiff filed a document captioned "Notice of Opportunity to Respond to Defendant's Notification of Failure to Provide Effective Service of Proof of Service re Magistrate Judge's Order (e.g., Doc. Nos. 63, 64, 65, 66 *et al.*)" (Doc. No. 69.) Defendant responded on February 6, 2015. (Doc. No. 70.)

## II.    Analysis

As set forth *supra,* Defendant requests the Court set expert discovery deadlines in the instant matter. It states it did not anticipate the need for expert testimony until after it deposed Plaintiff and the Court ruled on its Motion for Judgment on the Pleadings and Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. No. 63.) Defendant points out that a trial date has not yet been set in this matter. Therefore, Defendant asserts its request is not untimely since, in the absence of a court order, Fed. Rules Civ. Pr. 26(a)(2)(B) and (D) allow parties to disclose expert testimony up to 90 days before the start of trial. (Doc. No. 63 at 1.)

In his "Notice of Opportunity to Respond," Plaintiff argues Defendant's motion should be denied for three reasons. First, Plaintiff maintains his due process rights have been violated because Defendant "still has not provided effective proof of service [that] Defendant's Motion to Set Dates for Disclosure of Expert Testimony has been rendered." (Doc. No. 69 at 2.) Second, Plaintiff asserts Defendant's motion should be denied because "Defendant has failed to

---

in accordance with Fed. R. Civ. P. 5 in order to be considered properly served.

demonstrate substantial justification for failing to make a timely disclosure for an expert witness." *Id*. at 12.  Lastly, Plaintiff appears to argue Defendant's statistical analysis is inherently flawed because it fails to apply a proper standard deviation analysis.  Thus, Plaintiff argues that "the district court should not indulge the Board of Education in securing 'expert testimony' to divulge that [its] meaningless presentation of statistical analysis does not conform to relevant statistical tests of significance at the conventional 5% level of significance." *Id.* at 15.

The Court finds Plaintiff's due process rights have not been violated as a result of Defendant's failure to properly serve its Motion to Set Dates for Expert Disclosure.  As detailed above, Defendant notified the Court of its failure to properly serve Plaintiff and indicated it would send its motion to Plaintiff by both electronic and overnight mail.  (Doc. No. 65.)  The Court then promptly vacated its Order granting Defendant's Motion, and gave Plaintiff until January 30, 2015 to respond to Plaintiff's motion. (Doc. No. 66.)  Because the Court vacated its Order and provided ample time for Plaintiff to respond to Defendant's Motion, Plaintiff has been provided a full and fair opportunity to be heard on this issue and, therefore, his due process have not been violated.

The Court further finds Defendant has sufficiently demonstrated that, subsequent to the filing of its Notice of Failure to Serve, it took steps to ensure that its Motion to Set Dates for Expert Discovery was properly served.  In its Reply Brief, Defendant notes it sent a copy of its motion to Plaintiff via overnight mail on January 12, 2015.  It attaches confirmation that the motion was, in fact, delivered to Shoemake's residence on January 13, 2015.  (Doc. No. 70-1.)  Moreover, Defendant notes Plaintiff has attached Defendant's January 12, 2015 cover letter

(which was sent to Plaintiff along with the Motion to Set Dates for Expert Discovery) as an Exhibit to his "Notice."  (Doc. No. 69-1 at 3.)  Based on the above, the Court finds Plaintiff was properly served with Defendant's Motion to Set Dates for Expert Discovery and that he received this motion on January 13, 2015.

Next, the Court finds that Defendant's motion is not untimely.  Because case management conferences are conducted at the very beginning of the litigation, it is not unusual for parties to reserve the issue of expert discovery until the case has proceeded through fact discovery.  Here, the Court is persuaded that Defendant did not confirm the need for expert discovery until after it conducted Plaintiff's deposition in November 2014.  Moreover, Defendant correctly notes that a trial date has not yet been set in this matter and Fed. R. Civ. Pr. 26(a)(2)(D) provides that, "[a]bsent a stipulation or a court order, the [expert] disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial."  Based on the above, the Court finds Defendant's Motion to Set Dates for Expert Disclosure is not untimely.

Finally, the Court rejects Plaintiff's argument that Defendant should not be permitted to retain an expert because its statistical analysis to date has been (in Plaintiff's opinion) inherently flawed and completely "meaningless."   Defendant is entitled to obtain expert assistance to analyze and rebut Plaintiff's statistical analysis.  Once Defendant retains an expert and produces an expert report, Plaintiff may then challenge the expert's conclusions, if he so chooses. The Court will not, however, deny Defendant the opportunity to retain expert assistance simply because Plaintiff believes his own statistical analysis is unassailable.

## III.    Conclusion

Accordingly, and for all the reasons set forth above, Defendant's Motion to Set Dates for

Expert Discovery (Doc. No. 63) is GRANTED as follows.  Defendant must identify its expert witness(es) by no later than Friday, February 27, 2015.  Defendant's expert report(s) are due by Friday, March 27, 2015.  Plaintiff will have until Friday, April 24, 2015 to submit rebuttal expert report(s).  The expert discovery deadline is Friday, May 22, 2015.  In addition, the dispositive motions deadline is extended until Friday, June 12, 2015.

Finally, the Court takes this opportunity to remind Defendant of its obligation to properly serve Plaintiff in accordance with both the Federal Rules of Civil Procedure and this Court's Local Rules.  Given Plaintiff's *pro se* status and lack of access to the Court's electronic filing system, Defendant's service obligations are not satisfied simply by the electronic filing of its pleadings.  It is Defendant's sole responsibility to ensure that it properly serves its pleadings on this *pro se* Plaintiff.  Defendant is cautioned that failure to do so in the future may result in the imposition of sanctions.

IT IS SO ORDERED.


/s/ Greg White
U.S. MAGISTRATE JUDGE


Date: February 13, 2015

-8-