UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEROME F. SHOEMAKE,** | ) | CASE NO. 1:13CV2505 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| **MANSFIELD CITY SCHOOL** | ) | |
| **DISTRICT BOARD OF EDUCATION,** | ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Objections (ECF DKT #62 & #68) of Plaintiff, Jerome F. Shoemake, to Magistrate Judge Greg White's Orders and Recommendations. For the following reasons, the Objections are overruled and the Magistrate Judge's Report and Recommendation (#61) is adopted. Upon *de novo* review, the Motion (ECF DKT #48) for Sanctions against Defendant Pursuant to Rule 11 or Summary Judgment on the Doctrine of Judicial Estoppel is denied.

**I. BACKGROUND**

Plaintiff filed his *pro se* Complaint on November 12, 2013, alleging various federal

and state law claims arising from the elimination of his position as a Special Education Specialist at the Mansfield City Schools.  Originally, the Complaint set forth seven causes of action.  Following the Court's ruling on Defendant's Motion (ECF DKT #31) for Judgment on the Pleadings and Motion to Dismiss for Lack of Subject Matter Jurisdiction, four claims remain for resolution in the instant action: (1) Plaintiff's § 1983 claims for retaliation occurring within two years of the filing of the Complaint (i.e., subsequent to November 12, 2011); (2) Plaintiff's state law claims for discrimination, retaliation, hostile wok environment and disparate impact; (3) Plaintiff's claims under Ohio Revised Code § 3319.171 and Chapter 4117; and (4) Plaintiff's breach of contract claims.

On October 6, 2014, Plaintiff filed a Motion for Sanctions Against Defendant Pursuant to Rule 11 or summary Judgment on the Doctrine of Judicial Estoppel (ECF DKT #48). Plaintiff maintains that he has satisfied Rule 11's mandatory safe-harbor requirements; and asserts that sanctions and/or summary judgment are warranted because Defendant has taken inconsistent positions regarding his employment status in proceedings before the State Employment Relations Board ("SERB"), Ohio Civil Rights Commission ("OCRC") and Equal Employment Opportunity Commission ("EEOC").

## II. LAW AND ANALYSIS

### Standard of Review

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(C), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made.  A party who fails to file an objection waives the right to appeal.  *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir.1981).  In *Thomas v.*

*Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the District Court Judge to address objections by conducting a *de novo* review of relevant evidence in the record before the Magistrate Judge.  Parties are not permitted, at the district court stage, to raise new arguments or issues that were not presented to the magistrate.  *Murr v. United States*, 200 F.3d 895, 902 fn1 (6th Cir.2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir.1998).

**Summary Judgment**

Summary judgment shall be granted only if  "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *See* Fed.R.Civ.P. 56(a).  The burden is on the moving party to conclusively show no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).  The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish

the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B).  A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact.  *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992).  The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Judicial Estoppel**

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in

another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). "Judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by that same party in an earlier proceeding." *Warda v. C.I.R.*, 15 F.3d 533, 538 (6th Cir.1994). Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir.2002). There are three factors to consider when applying the doctrine: (1) whether a party's position is "clearly inconsistent" with its earlier position; (2) whether the party had successfully persuaded a tribunal to accept the previous position, "so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that the first or the second court was misled.'" (*Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir.1992)); and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." (*New Hampshire v. Maine*, 532 U.S. at 751). *See Warda*, 15 F.3d at 538.

**Plaintiff's Objections (ECF DKT #62)**

In the instant case, Plaintiff contends that Defendant has taken inconsistent positions regarding his employment status in proceedings before SERB, OCRC and the EEOC. Previously, the Court ruled that any decision made by OCRC was not reviewable on the basis of lack of subject matter jurisdiction. (Report & Recommendation, ECF DKT #44; Order, ECF DKT #60). In addition, the Court held that the proceedings before the EEOC were not reviewable since Plaintiff's Title VII claims are time-barred. (*Id.*). While the Court declined to dismiss Plaintiff's claims under SERB, the Court acknowledged that the matter could be re-

visited after the factual record is more fully developed in discovery. With that procedural backdrop, the Court is constrained to deny Plaintiff's Motion for Summary Judgment in his favor on judicial estoppel grounds.

Plaintiff has produced no authenticated Rule 56 evidence (nor will there ever be such relevant evidence regarding the EEOC and OCRC proceedings) demonstrating Defendant's position taken before agency tribunals which is "clearly inconsistent" with Defendant's stance before the District Court. More significantly, Plaintiff has not shown that Defendant successfully persuaded an agency tribunal of one position, so that the acceptance of a contradictory position here would create "the perception that the [agency or the District Court] was misled." *Pennycuff v. Fentress County Bd. of Education*, 404F.3d 447, 453 (6th Cir.2005).

Plaintiff has attached Exhibits to his Objections (ECF DKT #62 & #68), as well as to a Notice (ECF DKT #69). In addition, Plaintiff has filed a Presentation of Affidavit (ECF DKT #67). 28 U.S.C. § 636(b) and Local Rule 72.3 oblige the District Court Judge to conduct a *de novo* review of relevant evidence in the record before the Magistrate Judge. The material Plaintiff submits at ECF DKT ##62, 67, 68 and 69 was not before the Magistrate Judge; and therefore, will not be considered on review.

Thus, the Court concludes that Plaintiff, as the moving party, has not satisfied his burden to conclusively show no genuine issue of material fact exists, nor is he entitled to summary judgment in his favor on the basis of judicial estoppel.

To the extent that Plaintiff seeks the imposition of Rule 11 sanctions, the Court determines that they are unwarranted. The standard the Court follows in assessing a Rule 11

violation is whether the party's actions are objectively reasonable under the circumstances. *See Albright v. Upjohn*, 788 F.2d 1217, 1221 (6th Cir.1986). "The court should inquire if the 'pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay.'" *Allied Machine & Engineering Corp. v. Competitive Carbide, Inc.*, 2012 WL 1466563 at * 2 (N.D. Ohio April 25, 2012) (quoting *In re DeLorean Motor Company v. Allard*, 821 F.2d 649, 1987 WL 37786 at *2 (6th Cir. June 23, 1987)).

Plaintiff contends that Defendant should be sanctioned because "for improper purposes [Defendant] change[s] [its] positions on the same pleadings in and out of court, to get varying responses from the Plaintiff in an attempt to entrap a person unschooled in technical pleading to engage in similarly perjurious misrepresentations and/or fraudulent behaviors, as exemplified by said Defendant in separate quasi-judicial proceedings." (ECF DKT #48 at 5; #48-1 at 4). For its part, Defendant insists that the Rule 11 exercise is premature at this stage of discovery. Further, Defendant believes sanctions are inappropriate because Plaintiff's motion "does not delineate the purported inconsistencies, nor does it suggest any objective reason for this Court to accept his claims that any statements were, in fact, inconsistent." (ECF DKT #55 at 2).

The Court agrees with Defendant. There is nothing in the materials and evidence before it upon which the Court can decide that Defendant's litigation position as to Plaintiff's employment status is at odds with its position at the agency level, is factually and/or legally unsupported, or is objectively unreasonable. Plaintiff's Motion for Sanctions against

Defendant pursuant to Rule 11 is denied.

**Plaintiff's Objections (ECF DKT #68)**

In this filing, Plaintiff lodges his objections to Defendants' Response to Motion for Sanctions (ECF DKT #55); Magistrate Judges Report and Recommendation (ECF DKT #61); Defendant's Motion to Set Dates for Disclosure of Expert Testimony (ECF DKT #63); Magistrate Judge's 1/6/15 Order granting Defendant's Motion to Set Dates (ECF DKT #64); and Magistrate Judge's 1/12/15 Order vacating the 1/6/15 Order (ECF DKT #66).

Plaintiff attempts, yet again, to argue entitlement to judgment in his favor on judicial estoppel grounds and objects to the Magistrate Judge's recommendation that his Motion for Summary Judgment should be denied. To the extent that Plaintiff finds fault with the Magistrate Judge's Report and Recommendation, he is out of rule. Local Rule 72(b).

Plaintiff also seeks the District Court's review of Defendant's Fed.R.Civ.P. 5 violations of the proof of service requirements as demonstrated in ECF DKT #55 and ECF DKT #63. Clearly, Defendant breached its obligations by serving Plaintiff electronically, when, as a pro se party, Plaintiff has no access and must be served with hard copies of every document.

Upon *de novo* consideration of the entire record, the Court finds that the Magistrate Judge has sufficiently addressed the service issues. Once the Magistrate Judge learned of the problem, he vacated his own Order (ECF DKT #64) and allowed Plaintiff more time to file his response regarding disclosure of expert testimony. Also, in the Opinion and Order of February 13, 2015 (ECF DKT #71), the Magistrate Judge issued a stern reminder to

Defendant: "It is Defendant's sole responsibility to ensure that it properly serves its pleadings on this *pro se* Plaintiff.  Defendant is cautioned that failure to do so in the future may result in the imposition of sanctions."   (ECF DKT #71 at 8).

This Court and the Magistrate Judge have served Plaintiff with every Order, Report and Recommendation and Opinion by ordinary U.S. Mail.  Thus, Plaintiff has had a full opportunity to be heard.  Due process has been satisfied and the integrity of the judicial process has not been compromised in any way.  The Court reiterates Defendant's responsibility, under the Federal Rules of Civil Procedure and this Court's Local Rules, to provide proper notice to Plaintiff.  Nevertheless, the Court, after carefully addressing Plaintiff's Objections, will not issue sanctions nor enter summary judgment against Defendant for the breach of its service obligations.

### III. CONCLUSION

In sum, upon *de novo* review, Plaintiff's Objections (ECF DKT #62 & #68) are overruled, the Magistrate Judge's Report and Recommendation (#61) is adopted and the Motion (ECF DKT #48) for Sanctions against Defendant Pursuant to Rule 11 or Summary Judgment on the Doctrine of Judicial Estoppel is denied.

**IT IS SO ORDERED.**

                                          **s/ Christopher A. Boyko**
                                          **CHRISTOPHER A. BOYKO**
                                          **United States District Judge**

**Dated:  May 11, 2015**